United States District Court
Southern District of Texas
**ENTERED**
October 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| WEST GREY PROPERTIES, LLC, dba BELLAIRE ER, AND CYPRESS EMERGENCY ROOM, LLC, dba FAIRFIELD ER, | § § § § § | |
| | § | CIVIL ACTION NO. H-24-1275 |
| Plaintiffs, | § § | |
| v. | § § | |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY, | § § § § | |
| Defendant. | | |

**MEMORANDUM AND OPINION**

The parties to this insurance dispute are a licensed emergency room, Bellaire ER, and a healthcare insurer, Blue Cross and Blue Shield of Texas ("Blue Cross Texas"). Blue Cross Texas has reimbursed Bellaire ER for emergency care that it provided to patients insured by Blue Cross Texas. The parties dispute whether Blue Cross Texas reimbursed the proper amount for the emergency care that Bellaire ER provided the covered patients. Bellaire ER alleges that Blue Cross Texas paid less than it owed and asserts claims for violations of Texas Senate Bill 1264 ("SB 1264"), including Chapter 1467 of the Texas Insurance Code, for breach of an implied contract, and for attorney's fees.

Blue Cross Texas moves to dismiss Bellaire ER's claims for breach of an implied contract and for attorney's fees. (Docket Entry No. 19).[1] Blue Cross Texas does not challenge Bellaire ER's

---

[1] Blue Cross Texas labels its motion as a "Partial Motion to Dismiss." It is a very minor point, but this is a motion for partial dismissal, not a partial motion to dismiss.

claims under SB 1264 and the Texas Insurance Code. Bellaire ER opposes dismissal of the implied contract and attorney's fee claims but seeks leave to amend if the court grants Blue Cross Texas's motion. (Docket Entry No. 20 ¶ 15).

Based on the pleadings, the motion and response, and the applicable law, the court grants the motion to dismiss the claims for breach of an implied contract, with leave to amend no later than November 1, 2024. The reasons for these rulings are explained below.

I.     **Background**

Bellaire ER is an emergency room in Harris County, Texas. It offers a variety of emergency care services. (Docket Entry No. 12 ¶ 6). Bellaire ER alleges that in 2022, it provided emergency medical services to 15 patients who represented that they were insured by Blue Cross Texas. (*Id.* ¶¶ 6-7). These services were all for out-of-network care. (*Id.* ¶ 7). Bellaire ER alleges that Blue Cross Texas was statutorily obligated to reimburse Bellaire ER as an out-of-network provider at the "usual and customary" rate. (*Id.* ¶ 13). While Bellaire ER does not cite to a specific section of SB 1264 or the Texas Insurance Code obligating payment at the usual and customary rate, the court assumes that Bellaire ER relies on § 1271.157 of the Insurance Code. *See* Act of Sept. 1, 2019, 86th Leg., R.S., S.B. 1264, § 1.04 (codified at Tex. Ins. Code § 1271.157) ("a health maintenance organization shall pay for a covered health care service performed for or a covered supply related to that service provided to an enrollee by a non-network physician or provider who is a facility-based provider at the usual and customary rate"). Bellaire ER alleges that it billed Blue Cross for the services the patients received, using reasonable and customary rates for those services. (*Id.* ¶ 8).

Bellaire ER alleges that Blue Cross Texas paid Bellaire ER only a fraction of the amounts billed. (*Id.* ¶ 9). In some cases, according to Bellaire ER, it received no payment, even though

2

Blue Cross acknowledged coverage for the services provided. (*Id.*). Bellaire ER and Blue Cross Texas participated in mandatory mediation, as required by the § 1467.0575 of the Texas Insurance Code but were unable to reach a resolution on the required payments for the 15 patients. (*Id.* ¶ 10). § 1467.0575 allows parties to file a civil action to determine the amount due to an out-of-network provider by an insurer if the parties are unable to reach an agreement through mediation. *See* Tex. Ins. Code Ann. § 1467.0575. This lawsuit and motion to dismiss followed.

Blue Cross Texas now moves to dismiss the breach of implied contract claims on the basis that there was no "meeting of the minds" as to the reimbursement amounts that Bellaire ER is entitled to receive. (Docket Entry No. 19 at 5). It argues that an implied-in-fact contract was never formed. (*Id.*). Blue Cross Texas also moves to dismiss the attorney's fees claims on the basis that Chapter 1467 of the Texas Insurance Code, under which Bellaire ER brings this suit, does not expressly provide for the recovery of fees. (*Id.* at 6).

## II. The Applicable Legal Standards

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The

3

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. Analysis

#### A. An Implied-In-Fact Contract

"An implied-in-fact contract arises when the intentions of the parties are not expressed in writing, but an obligation is implied from the parties' acts or conduct." *Crull v. Rhodes*, No. 2-04-235-CV, 2005 WL 737473, at *3 (Tex. App.—Fort Worth Mar. 31, 2005) (citing *Preston Farm & Ranch Supply, Inc. v. Bio-Zyme Enters.*, 625 S.W.2d 295, 298 (Tex. 1981)). "An implied-in-fact contract must arise from the conduct of the parties demonstrating that there was a meeting of the minds on the terms of the contract." *Crull*, 2005 WL 737473 at *3 (citing *Williford Energy Co. v. Submergible Cable Servs., Inc.*, 895 S.W.2d 379, 384 (Tex App.—Amarillo 1994)). "The elements of a contract, express or implied, are identical in Texas." *Lifshen v. 20/20 Accounting Sols., L.L.C.*, 858 Fed. Appx. 704, 706 (5th Cir. 2021) (citing *Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex. App.—Houston 2009, pet. denied) (internal quotations omitted). Implied and express contracts differ as to "the character and manner of proof required to establish them." *Plotkin*, 304 S.W.3d at 476–77 (quoting *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d

4

607, 609 (Tex. 1972)). To find that an implied-in-fact or an express contract exists, there must be "(1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *DeClaire v. G & B McIntosh Family Ltd. P'Ship*, 260 S.W.3d 34, 44 (Tex. App.—Houston 2008, no pet.). "In an implied contract, mutual agreement" as to material terms "must be inferred from the circumstances of the transaction." *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548 (Tex. App.—Houston 2002) (citing *Buxani v. Nussbaum*, 940 S.W.2d 350, 352 (Tex. App.—San Antonio 1997, no writ)).

Blue Cross Texas argues that Bellaire ER's claim of an implied-in-fact contract is foreclosed by *Molina Healthcare of Texas, Inc. v. ACS Primary Care Physicians Sw.*, *PA*, No. 01-21-00727-CV, 2024 WL 3608192 (Tex. App.—Houston Aug. 1, 2024). In *Molina*, the Texas Court of Appeals, Houston held that when providers and insurers have not agreed on a rate of reimbursement, despite a statutory obligation to reimburse at a "usual and customary rate," there is no meeting of the minds and no implied-in-fact contract. The *Molina* court held that the rate of reimbursement is "an essential term of a contract between an emergency care provider and a health insurance company, perhaps even the most important term." *Molina,* 2024 WL 3608192 at *13.

"The failure of the parties to reach some understanding as to price often indicates that there has been no meeting of the minds." *Bendalin v. Delgado*, 406 S.W.2d 897 (Tex. 1966). Bellaire ER's complaint does not allege facts that would allow the court to infer that there was a "meeting of the minds" between the parties as to the essential term of "what a 'usual and customary' reimbursement rate might be." *Molina,* 2024 WL 3608192 at *15. Bellaire ER's complaint alleges that it sent claims for reimbursement to Blue Cross Texas for the emergency room services

5

provided and that Blue Cross Texas did not pay the amounts sought. The complaint does not allege that because the services were provided to patients covered by Blue Cross Texas insurance, Blue Cross Texas agreed to reimburse Bellaire ER at a specific rate or amount.

Bellaire ER's reply to Blue Cross Texas's motion to dismiss argues that Bellaire ER's complaint plausibly "alleges that based upon the conduct and dealings between Plaintiff and Defendant, i.e. accepting coverage for its insureds that are the subject of this suit, rendering a decision on those claims, and the partial payments an implied in fact contract exists." (Docket Entry No. 20 ¶ 10). Bellaire ER argues that in this case, unlike *Molina*, the complaint alleges that the parties had a meeting of the minds that the "usual and customary is the reimbursement rate" and that Blue Cross is therefore "bound to pay usual and customary." (*Id.*). The problem, however, is that the pleadings do not allege facts that could show party agreement on what the usual and customary reimbursement rates were for the services that Bellaire ER provided.

Bellaire ER attempts to distinguish *Molina* by arguing that the insurer in that case sought to reverse a jury verdict in favor of the healthcare provider and render judgment in the insurer's favor, while in this case, the insurer is challenging the sufficiency of the healthcare provider's complaint allegations. Bellaire ER also argues that in *Molina*, the insurer and healthcare provider had tried but failed to negotiate a contract to make the providers part of the insurer's network, but could not agree on the price. In this case, by contrast, there was no effort to negotiate an express contract. *Id.* at 13. These procedural and factual differences do not change the fact that in *Molina,* the court held that when an emergency care provider and an insurer have not agreed on a reimbursement rate, having the ER provide the services is not an implied-in-fact contract that the insurer will pay a certain reimbursement rate. Bellaire ER has failed to sufficiently plead a claim for breach of an implied-in-fact contract with Blue Cross Texas.

6

### B. An Implied-In-Law Contract

Bellaire ER alleges that Blue Cross Texas also breached an implied-in-law contract. (Docket Entry No. 20 ¶ 12). An implied-in-law contract is in fact "not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended." *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). "The principal function of quasi-contract is generally said to be that of prevention of unjust enrichment." *Id.* at 683. "A contract implied in law, or a quasi-contract, is distinguishable from a true contract because a quasi-contract is a legal fiction, an obligation imposed by law regardless of any actual agreement between the parties." *Graves v. Logan*, 404 S.W.3d 582, 585 (Tex. App.—Houston 2010, no pet.) (quoting *Fraud–Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 386 (Tex. App.—Fort Worth 2003, pet. ref'd)).

Bellaire ER points to paragraphs 4 and 5 of its First Amended Complaint, (Docket Entry No. 12 ¶¶ 4-5), to argue that it states a claim for a breach of an implied-in-law contract. (Docket Entry No. 20 ¶ 12). These paragraphs of the complaint allege that Blue Cross Texas is obligated to reimburse Bellaire ER at the "usual and customary rate," under the Texas Insurance Code. (Docket Entry No. 12 ¶¶ 4-5). In its response, Bellaire ER repeats its claims that Blue Cross Texas "accepted this legal obligation when it accepted coverage for the claims at issue in this litigation, rendered a claim decision and/or tendered partial payment and participated in statutorily required mediation." (Docket Entry No. 20 ¶ 12). Bellaire ER argues that because Blue Cross Texas had a statutory obligation to reimburse Bellaire ER at the "usual and customary rate," justice requires the court to find an implied-in-law contract. These allegations support Bellaire ER's claims for breach of the Texas Insurance Code, claims that Blue Cross Texas has *not* moved to dismiss and which the court need not address on the merits. These allegations do not support a separate claim

7

for breach of an implied-in-law contract. Bellaire ER has not pleaded facts showing that Blue Cross Texas would be unjustly enriched if the court did not find and enforce an implied-in-law contract. To the extent that Bellaire ER attempts to plead such a claim, it has not plausibly done so.

### C. Attorney's Fees

Blue Cross Texas argues that Bellaire ER has failed to state a claim for attorney's fees to the extent that it seeks to recover fees for prevailing on its claims for breach of Chapter 1467 of the Texas Insurance Code. (Docket Entry No. 12 at 6). Blue Cross Texas argues that Chapter 1467 does not expressly provide for the recovery of attorney's fees, and that Texas does not ordinarily allow for the recovery of attorney's fees unless permitted by statute or party agreement. (*Id.*).

Bellaire ER does not dispute that it cannot recover attorney's fees pursuant to Chapter 1467 of the Texas Insurance Code. Rather, in its reply, Bellaire ER clarifies that its attorney's fees claim is based on its claim for breach of implied contract. (Docket Entry No. 20 ¶ 14). Texas Civil Practice & Remedies Code § 38.001 permits the recovery of attorney's fees if a party prevails on a breach of contract claim. Tex. Civ. P. Rem. Code § 38.001(b)(1). "To recover attorney's fees under this statute, a party must first prevail on the underlying claim and recover damages." *Svoboda v. Thai*, No. 01-17-00584-CV, 2019 WL 1442434, at *3 (Tex. App. —Houston Apr. 2, 2019) (quoting *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013)). Because Bellaire ER's complaint does not state a claim for an implied-in-fact or an implied-in-law contract, its claim for attorney's fees must also be dismissed.

### IV. Conclusion

Bellaire ER's claims for breach of an implied contract and for attorney's fees are dismissed for failure to state a claim upon which relief can be granted, without prejudice and with leave to amend. Bellaire ER must file its amended complaint by November 1, 2024.

SIGNED on October 2, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge